**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSWALDO G. JUAREZ, | Civil Action No. 16-6045 (ES) (JAD) |
| Plaintiff, | |
| v. | MEMORANDUM |
| BRIAN BODMER, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendants Howard Rogers and BrightClaim, LLC's request for an Order dismissing *pro se* Plaintiff Oswaldo G. Juarez's Complaint. (D.E. No. 24). For the following reasons, the Court will GRANT Defendants' request and DISMISS Plaintiff's Complaint *without prejudice* for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Plaintiff filed this action in September 2016, but failed to prosecute the case for nearly five months. As a result, the Court entered a Notice of Call for Dismissal under Federal Rule of Civil Procedure 4(m). (D.E. No. 3). Plaintiff then requested and received additional time to serve Defendants and prosecute this case. (D.E. No. 4).

About two months later, Defendants Rogers and BrightClaim answered Plaintiff's Complaint. (D.E. No. 5). About two months after that, Defendant Randall Isaacson moved to dismiss Plaintiff's Complaint. (D.E. No. 9). Plaintiff failed to oppose Defendant Isaacson's motion to dismiss.

On December 18, 2018, the Hon. Joseph A. Dickson, U.S.M.J., held an in-person status conference, which Plaintiff failed to attend. That same day, Magistrate Judge Dickson issued a

Letter Order directing Plaintiff to file a letter, no later than January 12, 2018, explaining "his failure to attend today's conference" and "why he has failed to respond to certain defendants' discovery requests." (D.E. No. 21). The Letter Order also cautioned Plaintiff that "if he fails to comply with this Letter Order, his claims may be subject to dismissal." (*Id.*). Plaintiff failed to respond to Magistrate Judge Dickson's Letter Order.[1]

Under Federal Rule of Civil Procedure 41(b), the court may dismiss *sua sponte* a plaintiff's complaint "if the plaintiff fails to prosecute or to comply with these rules or a court order." *See Vittas v. Brooks Brothers Inc., Grp.*, No. 14-3617, 2017 WL 6316633, at *2 (D.N.J. Dec. 11, 2017) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Kenney v. Ca. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967)). In doing so, the court must weigh the six factors set forth in *Poulis v. State Farm Fire & Ca. Co.*, 747 F.2d 863 (3d Cir. 1984). Those factors are:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

Although the Court is mindful of Plaintiff's *pro se* status, the Court nevertheless finds that the *Poulis* factors weigh in favor of dismissing Plaintiff's Complaint. *First*, Plaintiff, as a *pro se* litigant, is personally responsible for the delays in this case. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff

---

[1] The Letter Order also noted that Plaintiff signed up to receive Notices of Electronic Filing (*see* D.E. No. 12) and thereafter received electronic notices of all docket activity. (D.E. No. 21 n.1).

represented by counsel relies, at least in part, on his or her attorney."). *Second*, Defendants have been prejudiced by Plaintiff's failure to meet scheduling orders and respond to discovery. In particular, Plaintiff failed to attend an in-person status conference before Magistrate Judge Dickson, while each Defendant attended. Plaintiff has also failed to respond to certain discovery requests, as set forth in Defendants Rogers and BrightClaim's January 16, 2018 letter. (*See* D.E. No. 24). They explain that "Plaintiff has still neither served discovery demands upon my client, nor responded to my client's discovery demands served upon him. This is despite numerous follow-up attempts at contact with Plaintiff seeking the same as documented in prior submissions to the Court." (*Id.*). The first and second *Poulis* factors thus weigh in favor of dismissal.

*Third*, Plaintiff has a history of dilatoriness in this case. As noted above, after Plaintiff filed his Complaint, he did nothing for approximately five months, prompting the Court to enter a Rule 4(m) Notice of Dismissal. (*See* D.E. No. 3). Plaintiff's failure to respond to discovery requests and attend an in-person status conference also delayed this case. This factor thus weighs in favor of dismissal. *Fourth*, there is no evidence suggesting Plaintiff's actions were in bad faith; however, Plaintiff has not provided an excuse for his failure to respond to court orders. *See Super 8 Worldwide, Inc. v. F & R Grp. Inv., LLC*, No. 13-7835, 2016 WL 4414826, at *2 (D.N.J. July 25, 2016). This factor is therefore neutral.

*Fifth*, the Court finds that alternative sanctions would be inappropriate. Where a plaintiff is proceeding *pro se*, monetary sanctions, such as fees and costs, "would not be an effective alternative." *Briscoe*, 538 F.3d at 263 (citation omitted). *Sixth*, the Court finds that Plaintiff's claims, especially in light of his *pro se* status, are meritorious for purposes of the *Poulis* analysis. *See id.* ("Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim."). That said, Plaintiff's failure to

respond to discovery requests and to oppose Defendant Isaacson's motion to dismiss "has prevented Defendants from developing a more complete understanding of the allegations against them." *See Gonzalez v. Fed. Nat'l Mortg. Assoc.*, No. 15-207, 2016 WL 4260782, at *3 (D.N.J. Aug. 11, 2016). This factor is therefore neutral.

On balance, the Court concludes that the *Poulis* factors support dismissing this action. *See Mindek*, 964 F.2d at 1373 ("[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion.") (citation omitted).[2]

For the foregoing reasons, the Court will DISMISS Plaintiff's Complaint *without prejudice*. Plaintiff has 45 days to show cause why the Complaint should not be dismissed *with prejudice*. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Although the Court has conducted a *Poulis* analysis in this case, such analysis is rendered unnecessary "when a litigant's conduct makes adjudication of the case impossible." *Shipman v. Delaware*, 381 F. App'x. 162, 164 (3d Cir. 2010). Here, Plaintiff's absence from the litigation has indeed made adjudication on the merits impossible, seemingly obviating the need for a *Poulis* analysis. Nevertheless, in an abundance of caution and in light of Plaintiff's *pro se* status, the Court conducted the above *Poulis* analysis and found that the factors weigh in favor of dismissal.